UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QINGDAO MAXWELL COMMERCIAL AND TRADING COMPANY LTD., <br><br> Plaintiff, <br><br> v. <br><br> ZERO TECHNOLOGIES, LLC, <br><br> Defendant. | 23-cv-4518 <br><br> JURY TRIAL DEMANDED |

**QINGDAO MAXWELL COMMERCIAL AND TRADING COMPANY LTD.'S
COMPLAINT AGAINST ZERO TECHNOLOGIES, LLC**

Plaintiff Qingdao Maxwell Commercial and Trading Company Ltd. ("Plaintiff" or "Maxwell"), by and through its undersigned attorneys, for its Complaint against defendant Zero Technologies, LLC ("Defendant" or "ZeroWater") (Plaintiff and Defendant are collectively referred to herein as the "Parties"), alleges, on knowledge as to its own actions and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.  This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that Plaintiff's reference to the term "ZEROWATER" and/or Defendant's model number(s), in the fashion shown in Exhibit A hereto, does not infringe Defendant's ZEROWATER trademark, U.S. Trademark Registration No. 2,802,616 ("Defendant's Mark"), or that that conduct and the representations made about Plaintiff's products as shown in Exhibit A hereto otherwise amount to unfair competition or other conduct actionable under the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, or Pennsylvania law.

2. This action arises out of Defendant's misuse of Amazon's trademark infringement complaint process to get Amazon to delist certain of Plaintiff's products that compete with Defendant's products by falsely claiming that Plaintiff's reference to the term "ZEROWATER" and/or Defendant's model number(s) in those listings infringes Defendant's Mark and/or that such references and other representation about Plaintiff's products amount to unfair competition or other actionable conduct. As a result of Defendant's conduct, Plaintiff has suffered and is suffering severe, permanent, and irreparable harm. Plaintiff denies that it has infringed Defendant's Mark or otherwise violated any of Defendant's intellectual property rights in connection with its offering, advertising, promotion, and sale of products that compete with Defendant's products. Plaintiff is permitted to use the term "ZEROWATER" and/or Defendant's model number(s) to accurately represent to consumers that certain of its replacement water filters are "compatible with" certain of Defendant's water filter pitchers and dispensers and/or "replacements for" certain of Defendant's replacement water filters.

## JURISDICTION

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and the laws of the state of Pennsylvania.

4. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), 2201, and 2202, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. Personal jurisdiction over Defendant is proper in this judicial district because of Defendant's presence in this judicial district and because Defendant has availed itself of the

rights and benefits of the laws of Pennsylvania, has conducted business relating to its business under and enforcement of its rights under its Mark in Pennsylvania (*i.e.,* is authorized to conduct business in Pennsylvania), and has systematic and continuous business contacts with Pennsylvania.

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district, is subject to personal jurisdiction in this judicial district, and has directed its business, licensing, and/or enforcement activities at this judicial district.

## PARTIES

7. Plaintiff is a Chinese corporation with its principal place of business at No. 401 Mingcheng Rd, Room 1102, Unit 2, Building 16, Qingdao Chengdyang, Shandong, China.

8. Upon information and belief, Defendant is a limited liability company formed under the laws of Delaware and has its business headquarters in Trevose, Pennsylvania and resides in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

### Defendant's Business and Trademark Registration

9. Defendant is the of-record owner of the federal registration of the mark ZEROWATER for "water filtering units for household use," U.S. Trademark Registration No. 2,802,616 ("Defendant's Mark").

10. Defendant sells, among other things, water filter pitchers, water filter dispensers, and replacement water filters for its water filter pitchers and dispensers under its Mark.

**Plaintiff's Business**

11. Plaintiff offers refrigerator water filters, undersink water filters, faucet water filters, pitcher and dispenser water filters, coffee water filters, shower water filters, whole house water filters, outdoor water filters, and countertop water filters.

12. Plaintiff specializes in providing replacement water filters at affordable prices. These replacement filters are designed and intended to be used, and are advertised, promoted, and sold for use, by consumers in place of filters offered under the brand of the manufacturer of the products that require filters.

13. In or around December 2018, Plaintiff began offering replacement filters designed and intended to be used with ZeroWater-branded water filter pitchers and dispensers.

14. Around the same time, Plaintiff began referencing term "ZEROWATER" and/or Defendant's model number(s) in its Amazon product listings for replacement filters designed and intended to be used with ZeroWater-branded water filter pitchers and dispensers to inform its customers that certain of its replacement filters could be used with ZeroWater-branded water filter pitchers and dispensers.

15. Plaintiff does not and has never used the term "ZEROWATER" as a trademark to indicate the source of its replacement filters. Rather, it makes reference to the term "ZEROWATER" to describe accurately and fairly a characteristic of its filters, specifically that the filters are designed and intended to and can be used with ZeroWater-branded water filter pitchers and dispensers in place of ZeroWater-branded filters.

4

16. Furthermore, Plaintiff does not and has never used Defendant's model number(s) to misrepresent the nature, characteristics, qualities or geographic origin of its replacement filters. Rather, it makes reference to Defendant's model number(s) to describe accurately and fairly a characteristic of its filters, specifically that the filters are designed and intended for use and can be used with ZeroWater-branded water filter pitchers and dispensers in place of ZeroWater-branded filters.

### Defendant's Complaints to Amazon

17. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

18. On at least six occasions between December 23, 2021, and January 7, 2023, Plaintiff received a notification from Amazon that Amazon had received a report alleging trademark infringement of Defendant's Mark in connection with Plaintiff's product listings for its products intended for use with Zero-Water branded products. Upon information and belief, these reports were submitted by an employee of Defendant on behalf of Defendant.

19. On each occasion, Plaintiff's products were delisted, Plaintiff contested Defendant's complaint to Amazon, and Plaintiff's product listings were eventually restored.

20. On February 7, 2023, Plaintiff received notification from Amazon that Amazon had received another report alleging trademark infringement of Defendant's Mark in connection with Plaintiff's product listings for its products intended for use with Zero-Water branded products. Upon information and belief, the report was submitted by an employee of Defendant on behalf of Defendant.

21. Plaintiff's involved product listing was identified as Amazon listing no. ASIN: B08MPZSRQN.

22. The "rights owner contact information" was identified as Stephen Bruns (sbruns@zerowater.com).

23. As a result of the Defendant's February 7, 2023, complaint, Plaintiff's products were delisted.

24. In response, Plaintiff contested Defendant's complaint to Amazon and, through counsel, sent a letter to Defendant's counsel of record, explaining why Defendant's complaint was without merit. A true and accurate copy of that letter is attached hereto as Exhibit B.

25. Between February 27, 2023, and June 8, 2023, the Parties, through counsel, exchanged numerous correspondences regarding Defendant's accusations of trademark infringement and unfair competition. A true and accurate copy of the email chain is attached hereto as Exhibit C.

26. On November 1, 2023, Plaintiff received notification from Amazon that Amazon had received yet another report alleging trademark infringement of Defendant's Mark in connection with Plaintiff's product listings for its products intended for use with Zero-Water branded products. Upon information and belief, the report was submitted by an employee of Defendant on behalf of Defendant.

27. A true and accurate copy of the November 1, 2023, notification from Amazon is attached hereto as Exhibit D. True and accurate copies of the content of Plaintiff's product listings that were the subject of the Defendant's November 1, 2023, complaint are attached hereto as Exhibit A.

28. Plaintiff's involved product listings were identified as Amazon listing nos. ASIN: B08XXHV4BQ, B08B62PL22, B0982S8FPS, and B07TPGX88Q.

29. The "rights owner contact information" was identified as Stephen Bruns (sbruns@zerowater.com).

30. The "rights owner communication" was identified as "each of these listings use our trademarked brand name in the title."

31. As a result of the Defendant's November 1, 2023, complaint, Plaintiff's products were delisted.

32. Defendant's accusations of trademark infringement and/or unfair competition by Defendant in its complaints to Amazon are without basis because Plaintiff is making reference to the term "ZEROWATER" and/or Defendant's model number(s) fairly and in good faith descriptively to describe its own products accurately (*i.e.*, that they can be used to replace certain ZeroWater-branded filters for use in ZeroWater-branded water filter pitchers and dispensers).

33. Plaintiff has suffered and is suffering monetary injury in the form of loss of income and severe, permanent, and irreparable harm in the form of loss of customers and goodwill, and loss of Amazon Best Seller Rank. In particular, Defendants misuse of Amazon's "Report Infringement" complaint process to get Amazon to delist Plaintiff's products has hindered and is hindering the continued sale and positive review of Plaintiff's products by Amazon customers so that, even if Plaintiff's product listings for the Accused Products were restored, Plaintiff's Accused Products would be at a disadvantage to similar products offered by other sellers, including Defendant. Plaintiff reasonably believes that the true motive behind Defendant's conduct complained of herein is to put Plaintiff at this disadvantage and to suppress fair competition by Plaintiff.

34. Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's reference to the term "ZEROWATER" and/or Defendant's

model number(s) in its product listings for replacement filters designed and intended to replace ZeroWater-branded filters, as well as other representations made in the contested product listings, constitutes trademark infringement or amounts to unfair competition under the Lanham Act or Pennsylvania law.

35. In view of Defendant's baseless complaints to Amazon, Plaintiff needs and is entitled to a judicial declaration that Plaintiff's reference to the term "ZEROWATER" and/or Defendant's model number(s) in its product listings for replacement filters designed and intended to replace ZeroWater-branded filters, in the fashion shown in Exhibit A, does not infringe Defendant's Mark or that such references and the other representations made by Plaintiff about its products in connection with the most recently delisted products amount to unfair competition under the Lanham Act or Pennsylvania law. Absent a declaration to this effect, Defendant will continue to misuse Amazon's trademark infringement complaint process, thereby causing Plaintiff severe, permanent, and irreparable damage.

**COUNT ONE (Declaratory Judgment of No Trademark Infringement)**

36. Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

37. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not infringed and is not infringing Defendant's Mark.

38. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue using Plaintiff's Mark in the manner set out in this Complaint.

39. Plaintiff's reference to the term "ZEROWATER," in the fashion shown in Exhibit A, is non-infringing fair use, either statutory (descriptive) or nominative.

40. Plaintiff sells replacement filters for water filter pitchers and dispensers, including ZeroWater-branded pitchers and dispensers.

41. Plaintiff's replacement filters that are promoted for use with ZeroWater-branded water filter pitchers and dispensers are designed and intended for use therewith and will function as advertised by Plaintiff if used by consumers in place of ZeroWater-branded filters. Defendant has misused Amazon's trademark infringement complaint process by making false or inaccurate representations to Amazon about Plaintiff's products in an effort to get Amazon to delist Plaintiff's product listings for its products that are designed and intended to be used with ZeroWater-branded water filter pitchers and dispensers (the "Accused Products").

42. Plaintiff makes reference to the term "ZEROWATER" descriptively in its Amazon product listings for its Accused Products so that its customers know that the Accused Products can be used in ZeroWater-branded water filter pitchers and dispensers in place of Zero-Water-branded filters.

43. Plaintiff's reference to the term "ZEROWATER," in the fashion shown in Exhibit A, is nominative fair use.

44. Without reference to the term "ZEROWATER," a customer seeking a replacement filter for their ZeroWater-branded water filter pitcher or dispenser would not know that Plaintiff's Accused Products are an option for use in connection with Defendant's products.

45. Plaintiff only makes reference to so much of the term "ZEROWATER" that is reasonably necessary to adequately identify and describe Plaintiff's Accused Products.

46. Plaintiff does not use or make reference to the stylized "ZEROWATER" logos. Rather, Plaintiff makes reference to the term "ZEROWATER" in the same font, size, and color as the other words that precede and succeed it.

47. Plaintiff does nothing in its product listings with the term "ZEROWATER" that would suggest sponsorship or endorsement of the Accused Products by ZeroWater.

48. Plaintiff's product listings for the Accused Products identify Plaintiff as the source of the Accused Products. For example, the first word of Plaintiff's Amazon listing nos. ASIN: B0982S8FPS and B07TPGX88Q was "Filterlogic." Filterlogic is the source-identifying mark used in connection with Defendant's products shown in those listing. For further example, the first word Plaintiff's Amazon listing nos. ASIN: B08XXHV4BQ and B08B62PL22 was "Waterspecialist." Waterspecialist is the source-identifying mark used in connection with Defendant's products shown in those listing.

49. Moreover, the product listings explicitly state that Filterlogic and Waterspecialist are "independent brand[s]" and that Plaintiff's replacement filters are "not sourced or sponsored by" Defendant.

50. Alternatively, Plaintiff's reference to the term "ZEROWATER," in the fashion shown in Exhibit A, is statutory (descriptive) fair use.

51. Plaintiff's reference to the term "ZEROWATER," in the fashion shown in Exhibit A, is not use of the term as a trademark and the term is incorporated into the listing only in a good-faith manner to describe accurately Plaintiff's Accused Products.

52. Plaintiff does not use the term "ZEROWATER" as a source identifier for the Accused Products, making it a non-trademark use.

53. Plaintiff makes reference to the term "ZEROWATER" in its listings for the Accused Products solely to describe a characteristic of the Accused Products, specifically that the Accused Products are compatible with ZeroWater-branded water filter pitchers and dispensers and can be used in place of ZeroWater-branded replacement filters.

54. Plaintiff makes reference to the term "ZEROWATER" in its product listings for the Accused Products fairly and in good faith. For example, Plaintiff does not incorporate the stylized "ZEROWATER" logos, nor does Plaintiff use the term "ZEROWATER" in any way that would suggest sponsorship or endorsement of the Accused Products or Plaintiff by Defendant

55. Plaintiff is entitled to a declaratory judgment that Plaintiff's reference to the term "ZEROWATER" and/or Defendant's model number(s) in its product listings, in the fashion shown in Exhibit A, is not likely to cause consumer confusion and does not infringe, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a) or Pennsylvania law.

**COUNT TWO (Declaratory Judgment of No Unfair Competition)**

56. Plaintiff repeats and realleges paragraphs 1 through 55 hereof, as if fully set forth herein.

57. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not engaged in and is not engaging in unfair competition or other conduct actionable under the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, or Pennsylvania law.

32014238v.1

58. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue (a) including the term "ZEROWATER" and/or Defendant's model number(s) in its product listings and (b) making those representations about Plaintiff's products that are made in the listings that were most recently delisted.

59. Plaintiff is entitled to a declaratory judgment that Plaintiff's reference to the term "ZEROWATER" and/or Defendant's model number(s) in its product listings, in the fashion shown in Exhibit A, does not amount to unfair competition or other conduct actionable under the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, or Pennsylvania law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. Adjudging that Plaintiff has not infringed and is not infringing, either directly or indirectly, Defendant's Mark;

2. Adjudging that Plaintiff has not engaged in and is not engaging in unfair competition in violation of 15 U.S.C. § 1125(a) or Pennsylvania law;

3. Restraining and enjoining Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them from alleging, representing, or otherwise stating to Amazon and others that Plaintiff's reference to the term "ZEROWATER" and/or Defendant's model number(s) in its product listings, in the fashion shown in Exhibit A, does not infringe Defendant's Mark or amount to unfair competition;

4. Declaring Plaintiff the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

5. Awarding Plaintiff all fees, expenses, and costs associated with this action; and

6. Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 15, 2023

/s/ Siobhan K. Cole
Siobhan K. Cole
**WHITE AND WILLIAMS LLP**
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
T: 215.864.6891
F: 215.789-7532

*Attorneys for Plaintiff*

13

32014238v.1