## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

QINGDAO MAXWELL COMMERCIAL
AND TRADING COMPANY, LTD.,
*Plaintiff,*

v.

ZERO TECHNOLOGIES, LLC,

*Defendant.*

CIVIL ACTION
NO. 23–4518

**Pappert, J.**                                                   **April 2, 2024**

## <u>MEMORANDUM</u>

Qingdao Maxwell Commercial and Trading Company, Ltd. and Zero Technologies, LLC both sell water-filter products. On multiple occasions, Zero Technologies reported to Amazon that Maxwell was infringing Zero Technologies' trademarks when listing its products on Amazon's online marketplace. Maxwell then sued Zero Technologies alleging Zero Technologies had misused Amazon's reporting system to delist Maxwell's water-filter products.

Zero Technologies moves to dismiss Maxwell's Second Amended Complaint, arguing that Qingdao Ecopure Filter Co., Ltd.—a company that purportedly owns the water-filter brands Maxwell sells—is the real party in interest and that Maxwell lacks standing pursuant to Rule 12(b)(1) and failed to join a required party pursuant to Rule 12(b)(7). The Court denies the Motion.

1

I

Zero Technologies is the owner of the ZEROWATER mark for "water filtering units for household use." (SAC ¶ 10, ECF No. 12). In 2018, Maxwell began selling replacement water filters that were intended to be used with Zero Technologies' ZeroWater-branded water pitchers and dispensers. (SAC ¶ 14). Maxwell started referencing ZEROWATER and Zero Technologies filters' model numbers in its product listings to inform potential customers that Maxwell's replacement filters could be used instead of ZeroWater-branded filters. (SAC ¶¶ 14, 15).

At least eight times between December 2021 and November 2023, Maxwell received a notice from Amazon that a Zero Technologies employee had reported Maxwell committed trademark infringement when listing its water-filter products on Amazon. (SAC ¶¶ 19, 21, 24, 27, 31; Amazon Email, ECF No. 12–4). Each time Amazon received a report, it delisted Maxwell's products. (SAC ¶ 20). Maxwell would then contest the complaint to Amazon, and Amazon would restore the product listings. (*Id.*).

In February 2023, after receiving one such notification from Amazon, Maxwell's counsel contacted Zero Technologies' counsel. (Feb 8, 2023 Letter To Zero Technologies, ECF No. 12–2). In at least one instance during the lawyers' back and forth, Maxwell's counsel represented himself as counsel for "Qingdao Ecopure Filter Co. Ltd. and related entities (collectively 'Ecopure')," and subsequently referred to the group of entities as "Ecopure." (*Id.*) [1]

---

[1]     The Court refers to Qingdao Ecopure Filter Co., Ltd as "Ecopure Filter Co." and not just "Ecopure" to avoid confusion, since Maxwell's counsel's prefiling correspondence uses "Ecopure" to refer to multiple entities.

In its Second Amended Complaint, Maxwell claims that Zero Technologies' accusations of trademark infringement and unfair competition are without basis because Maxwell is referring to the term ZEROWATER and the model numbers "fairly and in good faith" to "describe its own products accurately."  (SAC ¶ 33).

Maxwell alleges that Zero Technologies' misuse of Amazon's complaint process has resulted in a loss of customers, goodwill, and its Amazon Best Seller Rank, (SAC ¶ 34), and seeks declaratory judgments that Maxwell has not committed trademark infringement (Count 1) or unfair competition (Count 2), and affirmative relief for unfair competition (Count 3) and tortious interference (Count 4).

## II

### A

A court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).  In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  Because Zero Technologies "filed the attack before it filed any answer to the Complaint or otherwise presented competing facts," its motion is, "by definition, a facial attack." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

 "[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *Constitution Party*, 757 F.3d at 358 (citing *In re Schering-Plough Corp. Intron/Temodar Consumer Class*

*Action*, 678 F.3d 235, 243 (3d Cir. 2012)).  Courts must "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering-Plough Corp.*, 678 F.3d at 243 (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)) (internal quotation marks omitted).

## B

In order to bring a claim in federal court, a plaintiff must have Article III standing.  Standing consists of three main components: (1) an injury in fact that is concrete and particularized, (2) a causal connection between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  A particularized injury "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc.*, 578 U.S. 330, 339 (quoting *Lujan*, 504 U.S. at 560 n.1).  "Standing requires that the party seeking to invoke federal jurisdiction 'demonstrate standing for each claim [it] seeks to press.'" *Neale v. Volvo Cars of N. Am. LLC*, 794 F.3d 353, 360 (3d Cir. 2015) (*quoting DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).

## C

Maxwell alleges sufficient facts to establish standing for each claim.  Maxwell has alleged that it suffered an injury in fact.  Amazon delisted Maxwell's products on multiple occasions after Zero Technologies' reports of alleged trademark infringement. (SAC ¶¶ 24, 32), and Maxwell suffered a loss of income, customers, goodwill and its Amazon Best Seller Rank because its products were removed.  (SAC ¶ 34).

Maxwell's injury would be redressed by declaratory judgments stating Maxwell has not committed trademark infringement (Count 1) or unfair competition (Count 2) since Maxwell could then sell its products on Amazon without the threat of them being delisted in response to Zero Technologies' complaints.  Claims for unfair competition (Count 3) and tortious interference (Count 4), if successful, would also redress the purported injuries from having products removed.

Zero Technologies argues that the pre-filing correspondence—which was attached to Maxwell's Second Amended Complaint, *see* (Feb 8, 2023 Letter To Zero Technologies)—indicates that Ecopure Filter Co. is the real party in interest and the only party with standing.  *See* (Mot. to Dismiss, pp. 13–15).  But Ecopure Filter Co. is not mentioned in the body of Maxwell's Second Amended Complaint.  And although Maxwell's counsel says he represents "Qingdao Ecopure Filter Co. Ltd. and related entities (collectively 'Ecopure')" in his letter to Zero Technologies, he subsequently uses "Ecopure" as an umbrella term for all entities related to Qingdao Ecopure Filter Co. Ltd.  *See generally* (Feb. 8, 2023 Letter to Zero Technologies).  Reading the Complaint alongside the attached prefiling correspondence—and in a light most favorable to the non-moving party—Maxwell is allegedly a separate entity selling the products at issue.  Whether Ecopure Filter Co. also has standing is a separate issue that does not impugn Maxwell's standing.

### III

### A

In reviewing a Rule 12(b)(7) motion, the Court "must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving

party." *Cummings v. Allstate Ins. Co.*, Civ. A. No. 11-2691, 2011 U.S. Dist. LEXIS 148273, 2011 WL 6779321, at *3 (E.D. Pa. Dec. 27, 2011)) (citing *Pittsburgh Logistics Sys., Inc. v. C.R.England, Inc.*, 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009)).

In conducting a Rule 19 analysis for the joinder of required parties, the Court must first "determine whether the absent [party] should be joined as [a] 'necessary' part[y] under Rule 19(a)." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007. Rule 19(a) requires the joinder of a party who is subject to service of process and within the court's subject matter jurisdiction when: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may as a practical matter impair or impede that person's ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a)(1)(A), (B)(i).

If the party should be joined "but [its] joinder is not feasible inasmuch as it would defeat diversity of citizenship" the Court "next must determine whether the absent part[y] [is] 'indispensable' under Rule 19(b)." *Gen. Refractories Co.*, 500 F.3d at 312. If the party is deemed indispensable under Rule 19(b) "the action cannot go forward." *Id.*

### B

Zero Technologies argues that Ecopure Filter Co. is the real party of interest in this litigation and required for two main reasons: (1) complete relief is "impossible"

absent Ecopure Filter Co. (Mot. to Dismiss, p. 16, ECF No. 15–1) and (2) Ecopure Filter

Co.'s absence leaves Zero Technologies subject to substantial risk of incurring double,

multiple, or otherwise inconsistent obligations.  (*Id.* at pp. 17–18).

i

All the relief Maxwell seeks—the declaratory relief that Maxwell's product

listings do not infringe the ZEROWATER mark or amount to unfair competition

(Counts 1 and 2), and the affirmative relief for unfair competition and tortious

interference (Counts 3 and 4)—can be accorded absent Ecopure Filter Co., since such

relief is particular to Maxwell's claims.  Whether Ecopure Filter Co. could also seek

relief is irrelevant to this inquiry since complete relief "is determined on the basis of

those persons who are already parties, and not as between a party and the absent

person whose joinder is sought." *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701,

705 (3d Cir. 1996) (internal citation omitted).

ii

The failure to join Ecopure Filter Co. does not create a substantial risk of

inconsistent obligations or multiple exposures, either.  Zero Technologies suggests the

possibility of conflicting rulings if Ecopure Filter Co. is not joined, whereby one entity

but not another is declared to have improperly used the ZEROWATER mark.  But

when reading the Complaint and attached correspondence in a light most favorable to

the non-moving party, the listings of water-filter products at issue are Maxwell's

listings, and the declaratory and affirmative relief sought is for Maxwell—not for other

Ecopure entities.  If Ecopure Filter Co. were to seek relief, it would be for different

listings and would not create inconsistent obligations.

7

Zero Technologies also suggests the possibility of inconsistent discovery rulings absent Ecopure Filter Co. joining this action, whereby a party whose discovery request is denied in one proceeding gains access to that same discovery material in a different proceeding.  (Mot. to Dismiss, p. 17).  Absent pending litigation between Zero Technologies and Ecopure Filter Co., there is no real risk of multiple or inconsistent obligations. *See Diaz Constracting, Inc. v. Lisbon Contractors, Inc.*, No. 88-9203, 1991 U.S. Dist. LEXIS 4604, 1991 WL 53663, at *6 (E.D. Pa. Apr. 2, 1991).  But even if Ecopure Filter Co. were to file suit, "the fact that another court may assign liability differently from this Court does not subject [Zero Technologies] to multiple or inconsistent obligations within the meaning of subsection (a)(1)(B)(ii)." *Incubadora Mexicana, SA De CV v. Zoetiz, Inc.*, 310 F.R.D. 166, 172 (E.D. Pa. 2015) (citing *Micheel v. Haralson*, 586 F. Supp. 169, 171 (E.D. Pa. 1983) ("Rule 19(a)[(1)(B)(ii)] was intended to protect against inconsistent obligations, not inconsistent adjudications").

Because Ecopure Filter Co. is not a required party under Rule 19(a)(1)(A) or (B), the Court need not decide if it is indispensable as defined by Rule 19(b).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.